# CASES

IN THE

# ORPHANS' COURT.

In the Matter of the Partition of the Real Estate of JAMES DAVIS, deceased.

*New Castle, April 4, 1910.*

When a married woman entitled to a vested remainder in land dies during the life of the life tenant intestate, having had no issue by the husband, who survives her, he is not entitled to any interest in the land, and acquired none under section 3267 of Revised Code of 1915.

PETITION FOR PARTITION. The petition of Elsie R. Frazer showed, *inter alia:* That James Davis died September 25, 1900, seised of land, and by his will devised all his real estate to his wife, Mary A. Davis, for life, and provided further as follows:

"And from and immediately after the death of my said wife, Mary A. Davis, I direct, devise and bequeath all my said property, real, personal and mixed, of whatsoever nature and kind the same may be, and wheresoever situated at the death of my said wife aforesaid, unto my six children [one of whom was Ann Marion, wife of James Marion,] and to their heirs and assigns forever."

That Mary A. Davis, the wife of the testator, survived him, and also certain children, including Ann Marion, the wife of James Marion; that Ann Marion died intestate March 29, 1904, without having had issue, but leaving to survive her her husband, who was still living, and also brothers and sisters and issue of a deceased sister; that afterwards, on March 5, 1906, the widow of the testator died; and that the part, share and

interest of the said land and premises, to which the said Ann Marion was entitled in her lifetime, descended in fee simple, to her brothers and sisters of the whole blood and to the children of the said deceased sister of the whole blood, subject to the estate therein of her husband, the said James Marion, for life in one undivided moiety or half part of said share.

CURTIS, PRESIDING JUDGE, sitting.

*Saulsbury, Ponder & Morris*, for the petitioner.
*David J. Reinhardt*, for James Marion.

A decree of partition was made accordingly, followed by an order of sale.

Upon the return of the sale for confirmation and a distribution of the proceeds, the question was raised whether James Marion, the husband of Ann Marion, had any interest under *Section 5 of Chapter* 550, *Volume* 14, *Laws of Delaware*, as amended by *Chapter* 203, *Volume* 22, *Laws of Delaware (Rev. Code of* 1915, §3267). The decree of Chancellor upon this point was as follows:

"And it appearing from the petition filed in this cause that Ann Marion survived the testator, James Davis, and afterwards died during the lifetime of Mary A. Davis, the life tenant, without having had any issue, and that the said Ann Marion was not actually seised in her lifetime of any of the lands and premises described in said petition, and the parties having been heard by their solicitors, it is adjudged and decreed by the Chancellor that James Marion, the surviving husband of the said Ann Marion, has no interest in the said lands and premises, or the proceeds of the sale thereof; and that the decree for partition in this cause be and it is hereby amended in accordance herewith."